[Cite as *State v. Auerswald*, 2019-Ohio-1148.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

DENNIS AUERSWALD

    Appellant

C.A. No.    18CA0033-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    10CR0318

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

CARR, Judge.

{¶1} Defendant-Appellant Dennis Auerswald appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2011, following a jury trial, Auerswald was found guilty of the aggravated murder and murder of his wife. Auerswald's wife died from acute intoxication by ethylene glycol, an ingredient commonly found in antifreeze. The counts were merged for purposes of sentencing, and the State elected to sentence Auerswald on the aggravated murder count. The trial court sentenced him to life in prison with parole eligibility after 30 full years.

{¶3} Auerswald appealed and this Court affirmed his conviction. *See State v. Auerswald,* 9th Dist. Medina No. 11CA0053-M, 2013-Ohio-742, ¶ 1. In March 2018, Auerswald filed an application for DNA testing pursuant to R.C. 2953.71 to 2953.81. Auerswald sought to have a bottle of antifreeze found at the Auerswald home after Auerswald's wife's death

tested for the presence of Auerswald's wife's DNA. Auerswald maintained that his wife had killed herself and that finding her DNA on the bottle would "assuredly prove suicide." The State opposed the motion arguing that Auerswald's application failed to satisfy several requirements found in the governing statutes. Ultimately, while the trial court found Auerswald to be an eligible offender, the trial court rejected the application and cited several reasons for doing so.

{¶4} Auerswald has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING MR. AUERSWALD'S PETITION FOR POST-CONVICTION RELIEF FOR DNA TESTING.

{¶5} Auerswald argues in his sole assignment of error that the trial court erred in rejecting his application for DNA testing.

{¶6} "If an eligible offender submits an application for DNA testing under division (A) [of R.C. 2953.74], the court shall make the determination as to whether the application should be accepted or rejected." R.C. 2953.73(D).

> The court shall make the determination in accordance with the criteria and procedures set forth in sections 2953.74 to 2953.81 of the Revised Code and, in making the determination, shall consider the application, the supporting affidavits, and the documentary evidence and, in addition to those materials, shall consider all the files and records pertaining to the proceedings against the applicant, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript and all responses to the application filed under division (C) of this section by a prosecuting attorney or the attorney general, unless the application and the files and records show the applicant is not entitled to DNA testing, in which case the application may be denied.

R.C. 2953.73(D).

{¶7} "Upon making its determination, the court shall enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the

reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code." R.C. 2953.73(D).

{¶8} R.C. 2953.74(B) and (C) detail requirements that must be met before an application can be accepted. R.C. 2953.74(B) provides:

 If an eligible offender submits an application for DNA testing under section 2953.73 of the Revised Code, the court may accept the application only if one of the following applies:

(1) The offender did not have a DNA test taken at the trial stage in the case in which the offender was convicted of the offense for which the offender is an eligible offender and is requesting the DNA testing regarding the same biological evidence that the offender seeks to have tested, the offender shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject offender's case as described in division (D) of this section would have been outcome determinative at that trial stage in that case, and, at the time of the trial stage in that case, DNA testing was not generally accepted, the results of DNA testing were not generally admissible in evidence, or DNA testing was not yet available.

(2) The offender had a DNA test taken at the trial stage in the case in which the offender was convicted of the offense for which the offender is an eligible offender and is requesting the DNA testing regarding the same biological evidence that the offender seeks to have tested, the test was not a prior definitive DNA test that is subject to division (A) of this section, and the offender shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject offender's case as described in division (D) of this section would have been outcome determinative at the trial stage in that case.

{¶9} "As each paragraph of the statute uses the conjunctive, we interpret this section of the statute to mean that a defendant has to meet all of the criteria in either (B)(1) or (B)(2)." *State v. Wilkins,* 163 Ohio App.3d 576, 2005-Ohio-5193, ¶ 10 (9th Dist.). Both sides agreed below that DNA was not tested at the trial stage, and, thus, R.C. 2953.74(B)(1) applies to Auerswald. In Auerswald's application and supporting materials, he failed to mention, let alone argue, that, "at the time of the trial stage in that case, DNA testing was not generally accepted, the results of DNA testing were not generally admissible in evidence, or DNA testing was not

yet available." R.C. 2953.74(B)(1). The trial court, in its judgment entry, stated that "Auerswald's application must further be rejected because Auerswald failed to argue, or even attempt to argue, that at the time of trial, DNA testing was not generally accepted, the results of DNA testing were not generally admissible in evidence, or DNA testing was not yet available." It went on to note that, at the time of trial, "DNA testing was generally accepted, the results of DNA testing were generally admissible in evidence, and DNA testing was available." *See also Wilkins* at ¶ 11 (discussing that the Supreme Court of Ohio first recognized DNA testing as generally admissible and generally accepted in a 1992 case). And while some cases have concluded that defendants have met that requirement of R.C. 2953.74(B)(1) if there were subsequent advances in DNA technology that were not available at the time of trial, *see, e.g., State v. Emerick*, 170 Ohio App.3d 647, 2007-Ohio-1334, ¶ 17-18 (2d Dist.), Auerswald made no argument below as to why that would be true in this case.

{¶10} Accordingly, as Auerswald failed to demonstrate below that he satisfied all of the requirements of R.C. 2953.74(B)(1), we can only conclude that the trial court did not err in rejecting his application for DNA testing.

{¶11} Auerswald's sole assignment of error is overruled.

III.

{¶12} Auerswald's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

KENNETH J. REXFORD, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.